## Stub *against* Leis.

In an action of ejectment by a vendee upon articles of agreement to recover the land, where the vendor makes no objection to the execution of the contract, it is not competent for the defendant, being a terre-tenant, and claiming title, to set up, as a defence, that the plaintiff has not performed his contract with the vendor.

One of several defendants in ejectment, by disclaiming and abandoning the possession of the premises in dispute, does not thereby become a competent witness for his co-defendant, although all costs be paid up to the time of disclaimer. His liability for *mesne profits* still remains.

ERROR to the common pleas of *Berks* county.

Adam Leis against John Stub and William Stub, with notice to all the other devisees of Adam Stub deceased.

Adam Stub, the father of the defendant, was in his lifetime the owner of the land in dispute. He devised the same to his children, giving certain ones the first right, to take it at a price stipulated in his will, and also directed, that in case none of his children would accept of it at that price, then it was to be sold by his executors, Michael Stub and William Stub, two of his sons.

By a writing dated the 9th of February 1833, all the children released their right to accept the land under the will of their father, and authorized the executors to make sale of it.

On the 15th of November 1833, the executors did sell, by public sale, the lands to the plaintiff for 67 dollars 25 cents per acre. On survey, the tract was found to contain one hundred and ninety-three acres and one hundred and ninety-two perches. The purchase money, according to the conditions of sale, was to be paid on the 1st of April 1834, at which time the executors were to make a deed to the plaintiff for the land.

For a full statement of the facts of the case, see Leis *v.* Stub, 6 *Watts* 48.

On this trial it appeared that William Stub, one of the defendants, and one of the executors of Adam Stub deceased, had not appealed from an award of arbitrators against the defendant, and had surrendered the possession of the land and disavowed the defence, and was willing that the contract should be executed. John Stub having paid all the costs which had accrued up to the surrender by William, offered him as a witness: the plaintiff objected to his competency, and the testimony was rejected.

John Stub set up as a defence that the plaintiff had not given evidence of his ability, readiness, and tender of performance of the

[Stub v. Leis.]

contract, on his part. The court below (Banks, President) was of opinion that the plaintiff had not given such evidence of performance or tender before suit brought, as would enable him to enforce the contract, if the action had been against the vendors: but inasmuch as it was not they who made the defence, and it appeared they were willing to execute the contract, it was not competent for the present defendant to avail himself of any such defect in the plaintiff's title.

This opinion of the court, and the rejection of William Stub as a witness, were assigned for errors.

*Barclay* and *Gibbon*, for plaintiffs in error.
*Strong*, for defendant in error.

PER CURIAM.—The appeal, if successful, would have released William, though not strictly a party to it, from the judgment of the arbitrators; and though he had ceased, by surrendering the possession, to have an interest in the defence of it, his liability for mesne profits remained; and that was an abiding interest which excluded him.

The exception to the family agreement is not pressed; and the objection to the charge is equally unfounded. The question of performance was betwixt the executors and their vendee; and it lay not with the defendants, who were strangers, to object to want of performance by the plaintiff. William, an executor, and orginally a party, had withdrawn from the defence, and waived further resistance to the execution of the contract; and John could not resist it, because he was not a party to it. Proof of tender was therefore immaterial.

Judgment affirmed.