## Ellis Concrete Products Co. v. Pennsylvania Turnpike Commission

*Thomas M. Garrity*, for plaintiff.

*Louis Sager*, for defendant.

DANNEHOWER, J., September 17, 1957.—Two separate petitions for appointment of viewers were filed, one by the owners of the fee and one by the lessee, a tenant from year to year. The court appointed the same jury of view on both petitions, following our usual procedure.

The Pennsylvania Turnpike Commission has petitioned to revoke the appointment of the jury of view as to the lessee, a tenant for a term of one year under an oral lease, providing for renewal from year to year, alleging that the jury of view had the power and

duty to find and determine the damages, if any, sustained by any person or corporation having any interest therein, including any interest as lessee at the same time.

In the answer filed to the petition and rule allowed thereon, the lessee alleges that the procedure is governed by the Act of July 1, 1937, P. L. 2667, 26 PS §44, and that said petitions, one by the owner and one by the lessee, should be consolidated so that the claims may be heard and tried together by the same jury of view, as has been done in many prior cases.

The above act provides in part: "where the . . . owners of the fee and any lessee or lessees under such owner or owners shall be claimants for damages, *all such claims shall be heard or tried together;* and there shall be awards by a board of view or verdicts by the jury on appeals, which shall fix, first, the total amount of damage to the property in question, and second, the apportionment, distribution, or division of the total damages so awarded between or among the several claimants therefor". (Italics supplied)

The fact that, under the act, a joinder is permitted does not establish that it is mandatory or essential. It might happen that the owner of the fee and the lessee refuse to join in the same petition or one may release or not choose to proceed. One party entitled to damages for condemnation should not be in a position to prevent another party from obtaining just compensation under the law. And moreover, the measure of damages for the owner and the lessee, with possible cost of removing, is different. Thus, though a life tenant may join in a valuation petition with the remainderman, it is no objection to a petition that it was brought by the life tenant alone. A case decided before the Act of 1937 is Reading Railroad Company v. Boyer, 13 Pa. 497 (1850). There is no doubt, according to law, that a lessee would have a right to

intervene in the owner's petition for damages, but he is not obliged to do so.

According to our practice and procedure in these eminent domain proceedings, the owner of the fee may file one petition and the lessee may file another, then the same jury of view is appointed, which fixes the total damages and apportions said total damages among the several claimants.

We can see no valid reason under the act why the claims for damages cannot be heard and tried together and consolidated as has been done in the past.

And now, September 17, 1957, for the foregoing reasons, the rule granted on said petition to revoke the appointment of a jury of view filed by the Pennsylvania Turnpike Commission as to the lessee's petition is hereby discharged and the petition dismissed.